**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ARIEL LEBRON VELAZQUEZ,

     *Plaintiff*,

  v.

U.S. DEPARTMENT OF THE ARMY, et al.,

     *Defendants*.

Civil Action No. 25-2364 (TJK)

**<u>MEMORANDUM OPINION</u>**

Ariel Lebron Velazquez is a former U.S. Army Staff Sergeant living in Thailand who alleges he is suffering from serious health conditions. He asserts that he cannot obtain urgent medical care because Defendants—the Department of the Army and the Department of Veterans Affairs—have refused his requests to correct his military service records and process his VA benefits requests. He asks the Court to order the former to correct those records and the latter to award him certain benefits, which in his view would pave the way for him to receive the care he needs. Defendants move to dismiss under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As explained below, the Court finds that it lacks jurisdiction over Velazquez's claims against the VA and that he fails to state a claim against the Army. Thus, it will grant Defendants' motion and dismiss the case.

## I.    Background and Procedural History

Velazquez, proceeding pro se, filed this action against Defendants, the Department of the Army ("Army") and the Department of Veterans Affairs ("VA") in July 2025. ECF No. 1. He amended his complaint two months later. *See* ECF No. 187 ("Am. Compl."). In summary, Velazquez alleges that he is an Army veteran living in Thailand. *See* ECF No. 195-1; ECF No. 382.

He contends that in 1999, he was honorably discharged at the rank of Staff Sergeant. ECF No. 195-1 at 1. He says while serving he "developed multiple serious medical conditions, including HIV, depression, traumatic brain injury, [and] avascular necrosis with hip collapse," among others. *Id.* at 1. Moreover, he alleges, these conditions persist and now require urgent medical care. *See id.* at 3; *see also, e.g.*, ECF No. 491.

In the way of legal claims, Velazquez alleges that the Army has unlawfully refused several requests to correct his military service records to reflect a "medical retirement" and remove an inaccurate court-martial order. *See generally* Am. Compl.; ECF No. 195-1; ECF No. 245 at 2. He further alleges that the VA, due in part to these erroneous records, has declined or otherwise failed to process his applications for medical care authorization, medical condition ratings, and other benefits. Am. Compl. ¶¶ 6–13. Specifically, in Count I, he asserts that the Army violated "mandatory regulations" by failing to refer him for appropriate medical evaluations and maintaining erroneous records. *Id.* ¶¶ 6–8, 11. In Count II, he alleges that under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the VA has unlawfully withheld or unreasonably delayed adjudications of his various claims for benefits and erred by inaccurately rating certain of his medical conditions, Am. Compl. ¶¶ 9, 12. And in Count III, he seeks a writ of mandamus under the Mandamus Act, 28 U.S.C. § 1361, that would compel the Army to correct his records and the VA "to adjudicate and pay benefits" purportedly owed to him, Am. Compl. ¶ 13.

For many months after filing suit, Velazquez has peppered the docket with a barrage—literally hundreds—of filings, including notices about his allegedly worsening health, baseless motions to disqualify the Court, and requests for preliminary injunctive relief. *See* Minute Order of Feb. 10, 2026 (noting that "[s]ince filing this lawsuit, [Velazquez] has bombarded the docket with a steady barrage of supplements, notices, and often duplicative requests for relief"). The

Court denied several of his motions for preliminary injunctive relief, concluding that he had failed to show a likelihood of success on the merits of any of his claims and that he failed to show that the Court could redress his asserted irreparable harm. *See, e.g.*, Minute Order of Sep. 17, 2025; Minute Order of Sep. 22, 2025; ECF No. 245. In November 2025, Velazquez appealed the Court's denial of these motions. ECF No. 312. In February 2026, the D.C. Circuit summarily affirmed, concluding that Velazquez "ha[d] shown no likelihood of demonstrating that the district court has subject-matter jurisdiction over his claims for relief from the U.S. Department of Veterans Affairs" nor "any likelihood of establishing a deficiency in any decision by the Army Board for Correction of Military Records under [the D.C. Circuit's] unusually deferential application of the 'arbitrary or capricious' standard." *Velazquez v. U.S. Dep't of the Army*, No. 25-5404, 2026 WL 598857, at *1 (D.C. Cir. Feb. 23, 2026) (cleaned up).

Now before the Court is Defendants' Motion to Dismiss, which invokes both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that the Court lacks subject-matter jurisdiction over all of Velazquez's claims and that he has failed to state a claim for relief under either the APA or the Mandamus Act for his claims against the Army. ECF No. 423. Velazquez opposes. ECF No. 448.

## II.     Legal Standards

"Federal [district] courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under Rule 12(b)(1), the plaintiff bears the burden to establish the Court's subject-matter jurisdiction. *Daim-lerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). In evaluating such a motion, the Court must "assume the truth of all material factual allegations in the complaint and . . . grant[] [the] plaintiff

3

the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up). "However, those factual allegations receive closer scrutiny than they do in the Rule 12(b)(6) context," and the Court "may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim." *Doe v. Wash. Metro. Area Transit Auth.*, 453 F. Supp. 3d 354, 361 (D.D.C. 2020) (internal quotation marks and citations omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff states a facially plausible claim when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014). The Court must construe a pro se plaintiff's filings liberally. *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017). That means, among other things, considering factual allegations from all his filings, not just his complaint. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). But none of that absolves him of the need to plead facts that plausibly establish a claim for relief. *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011). "[M]ere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

4

### III.    Analysis

The Court lacks subject-matter jurisdiction over Velazquez's claims against the VA in Counts II and III, and so it will dismiss them for that reason.  And while the Court concludes that it *has* jurisdiction over Velazquez's claims against the Army reflected in Counts I and III, he fails to state a claim under either the APA or the Mandamus Act.  Thus, they will be dismissed as well, along with the entire case.[1]

#### A.    The Court Lacks Subject-Matter Jurisdiction Over Velazquez's Claims Against the VA

Velazquez alleges that the VA has "unlawfully withheld or unreasonably delayed required adjudications" of his pending benefits claims.  Am. Compl. ¶ 12.  He sues under the Administrative Procedure Act, 5 U.S.C. § 706(1), *see* Am. Compl. ¶ 12 (Count II) and the Mandamus Act, 28 U.S.C. § 1361, *see* Am. Compl. ¶ 13 (Count III), seeking to compel the agency to "adjudicate and pay" service-related benefits purportedly owed to him.

Defendants argue that the Veterans Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a), strips federal district courts of jurisdiction over these claims and so the Court should dismiss them under Rule 12(b)(1),  *see* ECF No. 423 at 9–11.  In his opposition, Velazquez does not dispute that the Court lacks jurisdiction—indeed, he does not respond to Defendants' jurisdictional argument at all.  *See generally* ECF No. 448-1.  Nor does he do so, as far as the Court can tell, in any of his

---

[1] Defendants move for relief from compliance with Local Rule 7(n)(1).  ECF No. 494. That rule generally requires an agency to "file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simulta-neously with the filing of a dispositive motion, whichever occurs first."  LCvR 7(n)(1).  The Court will grant the motion because it need not consider the administrative record to conclude that the case must be dismissed for the reasons explained in this Opinion.  *See Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018).  For the same reason, the Court will deny Velazquez's Motion to Compel Production of the Administrative Record.  ECF No. 403.

hundreds of filings.[2]  Thus, notwithstanding Velazquez's pro se status, the Court treats this argument as conceded, and will dismiss his claims against the VA for this reason.  *See Rhodes v. Superior Ct. of the D.C.*, 303 F. Supp. 3d 1, 5 (D.D.C. 2018).

Even if Velazquez had not conceded the point, though, it is clear that the Court lacks subject-matter jurisdiction over his claims against the VA.  The VJRA "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans benefits, including medical expense reimbursement," *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000), and broadly bars district courts from reviewing any "questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits," *Thomas v. Principi*, 394 F.3d 970, 973 (D.C. Cir. 2005) (quoting 38 U.S.C. § 511).  "The exclusive avenue for redress of" claims challenging "veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit."  *Price*, 228 F.3d at 421.

Velazquez's claims against the VA fall squarely within the category of veterans-benefits claims withheld from district court review under the VJRA.  Indeed, he "brings this action" to "secure . . . veterans' benefits unlawfully denied or delayed."  Am. Compl. ¶ 1.  And, in several

---

[2] In resolving Defendants' motion, the Court has done its best to consider, in addition to Velazquez's operative complaint and opposition, the hundreds of motions, notices, and supplements he has filed since suing.  *See Brown*, 789 F.3d at 152 (noting the district court's obligation to "consider a pro se litigant's complaint in light of all filings") (citation modified).  Still, "even when a plaintiff is proceeding *pro se*, a district court is not 'obliged to sift through hundreds of pages . . . to make its own analysis and determination of what may or may not' support the plaintiff's claims."  *Husain v. Smith*, No. 15-CV-708 (RDM), 2016 WL 4435177, at *1 (D.D.C. Aug. 19, 2016) (citation modified) (quoting *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).  Indeed, "judges are not like pigs, hunting for truffles buried in briefs or the record."  *Potter v. D.C.*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J., concurring) (cleaned up).  Thus, "where the Court can reasonably discern the nature of [Plaintiff's] claims" and arguments, it "will address the legal sufficiency of those claims" and arguments.  *Husain*, 2016 WL 4435177, at *1.  "But, where it can only speculate as to what [Plaintiff] intends to allege" or argue, "the Court will not, in effect, assume the role of advocate and fill in the gaps left in [his] complaint."  *Id.* (cleaned up).

other filings and motions, he asserts that the VA has unlawfully refused to rate certain medical conditions, *see* ECF Nos. 183 at 2; 199 at 3, correct erroneous rating determinations, *see* ECF No. 195-1 at 2; cover certain medical conditions, *see* ECF Nos. 186 at 1; 190 at 1; 199 at 3, adjudicate or pay medical claims, *see* ECF Nos. 183 at 2; 190 at 1, or otherwise authorize, fund, or render medical care to him, *see* ECF Nos. 183 at 3; 186 at 1; 199 at 2.  At bottom, these claims "challeng[e] the VA's action or inaction with respect to a veterans' benefits matter," and so the Court "lack[s] subject matter jurisdiction over [them]."  *Price*, 228 F.3d at 421; *see also id.* (holding VJRA barred district court's review of claims "that the VA unjustifiably denied [plaintiff] a veterans' benefit" or "fail[ed] to pay his medical bills . . . under a legal obligation to make payment on account of [his] veteran status").

Moreover, it does not matter that Velazquez seeks relief under the APA and the Mandamus Act; neither provides a path for the Court to review a VA benefits decision.  *See Frison v. Principi*, 2003 WL 22097797, at *1 (D.C. Cir. 2003) (holding "district court lacked jurisdiction" over "claims . . . for injunctive relief seek[ing] review of the VA's alleged delay or inaction . . . because the Court of Appeals of Veterans Claims, and not the district court, has jurisdiction to compel an action of the Secretary unlawfully withheld or unreasonably delayed") (cleaned up); *Fermin v. United States*, 268 F. Supp. 3d 228, 232 (D.D.C. 2017), *aff'd*, No. 17-5193, 2017 WL 7796296 (D.C. Cir. Dec. 20, 2017) (district court lacked jurisdiction over plaintiff's claims challenging VA's denial of disability benefits asserted under "28 U.S.C. § 1361, which provides for jurisdiction over mandamus actions, because section 511 explicitly bars district court review 'by an action in the nature of mandamus or otherwise'") (quoting 38 U.S.C. § 511(a)).

For these reasons, Velazquez's claims against the VA, set forth in Counts II and III, must be dismissed for lack of subject-matter jurisdiction.

### B.    Velazquez Does Not State a Claim for Relief Against the Army

Velazquez alleges that the Army "violated mandatory regulations by failing to refer" him for Medical Evaluation Board and Physical Evaluation Board assessments before his service discharge, *see* Am. Compl. ¶ 11 (Count I)—depriving him of a "medical retirement" and associated health benefits, *see* ECF No. 195-1 at 2; ECF No. 1 ¶ 1.  He also alleges that the Army unlawfully "rescinded and replaced" a pre-discharge court-martial order with an erroneous, revised order that has "block[ed] [his] retirement . . . benefits" and barred him from obtaining a firearm.  ECF No. 195-1 at 2.  He claims to have "repeatedly sought record[s] correction from" the Army Review Boards Agency "without relief," and seeks a writ of mandamus under 28 U.S.C. § 1361 to compel the Army to correct his purportedly erroneous records.  Am. Compl. ¶ 8; ¶ 13 (Count III).

Defendants argue that these claims must be dismissed both because the Court lacks subject-matter jurisdiction and because Velazquez fails to state a claim.  The Court disagrees with Defendants that it lacks jurisdiction but agrees that Velazquez has failed to state a claim for relief against the Army.

The Secretary of the Army "may correct any military record of [that] department when [he] considers it necessary to correct an error or remove an injustice."  10 U.S.C. § 1552(a)(1).  "This review is done through the [Army Board for the Correction of Military Records (ABCMR)]."  *Wilhelmus v. Geren*, 796 F. Supp. 2d 157, 161 (D.D.C. 2011).  "Federal courts review final decisions made by the ABCMR under the APA."  *Id.* (citing *Baker v. Dep't of Army*, 1998 WL 389097, at *1 (D.C. Cir. 1998)).  "[A] district court has jurisdiction to review the ABCMR's refusal to correct military records, unless the claim is in essence one for monetary relief" exceeding $10,000—in which case, the claim must be brought in the Court of Federal Claims.  *Baker*, 1998 WL 389097, at *1; *see also Kidwell v. Dep't of the Army, Bd. for Corr. of Mil. Recs.*, 56 F.3d 279, 283–84 (D.C.

8

Cir. 1995).

The D.C. Circuit "has adopted a bright line approach under which it considers cases to be based on the Tucker Act's waiver of sovereign immunity only if the plaintiff seeks money or the district court grants it." *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (cleaned up). "[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." *Kidwell*, 56 F.3d at 284.

The Court begins, as it must, with the jurisdictional argument. Defendants assert that Velazquez's records-correction claims are, in essence, "classic military-pay claim[s]" which must be brought in the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). ECF No. 423 at 12. They argue that is so because Velazquez "seeks an order effectively awarding retroactive retired pay and benefits; [and thus] his claim is not limited to prospective equitable relief." ECF No. 423 at 12. The Court disagrees. A claim is not "in essence" one for monetary relief if a plaintiff seeks "declaratory or injunctive relief that is not negligible in comparison with the potential monetary recovery." *Smalls*, 471 F.3d at 190 (citing *Tootle v. Sec'y of the Navy*, 446 F.3d 167, 176 (D.C. Cir. 2006)). And "the fact that in seeking the correction of a military record the plaintiff may, if successful, obtain monetary relief from the United States in subsequent administrative proceedings is insufficient to deprive the district court of jurisdiction." *Id.* Thus, even though the correction of Velazquez's military records may ultimately support his requests for medical treatment, disability and retirement status, and other benefits from the VA, that does not deprive the Court of subject-matter jurisdiction. *See id.* at 191 (Tucker Act did not deprive Court of jurisdiction over veteran's records-correction claim where plaintiff sought "to correct his military records and to receive disability retirement status" and "a disability "rating . . . for service-related

conditions"). Indeed, Velazquez "does not seek money damages" in the operative complaint, *id.*, and alleges that his erroneous records have not only deprived him of VA benefits, but of his ability to obtain a firearms license, *see* ECF No. 195-1. In sum, Velazquez seeks relief that is "not negligible" in comparison to any potential monetary relief to be obtained from the correction of his military records. Thus, the Tucker Act does not deprive the Court of subject-matter jurisdiction over these claims.

Defendants also argue that Velazquez fails to state a claim against the Army under either the APA or the Mandamus Act. *See* ECF No. 423 at 13–16. And here, the Court agrees with Defendants.

Defendants argue that Velazquez fails—in the operative complaint and in his scattershot supplemental filings—"to identify a specific, final [ABCMR] decision, much less explain how that decision is arbitrary, capricious, contrary to law, or unsupported by substantial evidence under" the APA. ECF No. 423 at 14. Even assuming that Velazquez identifies a final decision of the ABCMR,[3] the Court agrees that he has failed to allege any facts supporting a reasonable inference that the Army has acted in a manner that is arbitrary, capricious, or contrary to law with respect to his records-correction requests.

---

[3] Federal courts have the authority under the APA to review only "final decisions" made by the ABCMR. *Wilhelmus*, 796 F. Supp. 2d at 161 (citation omitted). And Defendants argue that Velazquez fails to identify such a decision. Still, the Court observes that Velazquez alleges that in July 2025, *see* ECF No. 4 at 4 ¶ 2, he "submitted a complete and legally supported petition to the Army Board for Correction of Case, but that Defendants have failed to act, respond, or provide due process in violation of [his] rights" and that he has "exhausted all administrative remedies," ECF No. 1 ¶¶ 3–4; *see also* Am. Compl. ¶ 8. He also asserts that "[t]he ABCMR formally declined review" in case number "DIH 25-4786" "on August 21, 2025 . . . and has since provided no further correspondence or acknowledgment" which he says "constitutes a final agency action" under the APA. ECF No. 257-1. Defendants do not specifically address whether these allegations are sufficient to plead a final agency action, and the Court does not conclude that they do, but merely assumes such for the purpose of resolving Defendants' Motion.

To begin, Velazquez does not address or otherwise respond to Defendants' argument that he has not pleaded any "facts showing that any Board decision was arbitrary, capricious, or contrary to law." ECF No. 423 at 13. Thus, the Court treats this argument as conceded, and will dismiss Velazquez's APA claims against the Army for this reason.

Still, even without Velazquez's concession, the Court would have little trouble concluding that he has not stated a claim against the Army. As far as the Court can tell, Velazquez does not allege—in the operative complaint or in any filing—facts sufficient to support a reasonable inference that any ABCMR determination was "arbitrary, capricious, or contrary to law," *Kidwell*, 56 F.3d at 286,—especially given the "unusually deferential" standard of review applied to "actions of military corrections boards," *Durr v. Dep't of Army*, No. 19-CV-1340 (ABJ), 2020 WL 491460, at *5 (D.D.C. Jan. 30, 2020), *aff'd sub nom. Durr v. Dep't of the Army*, 828 F. App'x 723 (D.C. Cir. 2020). Thus, he has not stated a claim under the APA.

For similar reasons, Velazquez also has "not m[et] the heavy burden of showing he is owed mandamus relief" against the Army. *Id.* "The extraordinary remedy of a writ of mandamus is available to compel an 'officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff.'" *Id.* (quoting 28 U.S.C. § 1361). To obtain this "extraordinary remedy," Velazquez must show that his right to the relief sought is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal citation omitted).

Defendants argue that Velazquez "identifies no statute or regulation imposing a date-certain nondiscretionary deadline for the [ABCMR's] action," ECF No. 423 at 15, nor any law or clear legal duty the ABCMR violated in connection with any records-correction request he pursued. Again, Velazquez leaves this argument unanswered in his opposition—and so the Court will treat it as conceded. But in any event, the Court agrees that Velazquez has "not direct[ed] [it] to

11

any law that requires the Army to perform the requested actions," and thus has not shown "clear and indisputable" entitlement to mandamus relief.  *Durr*, 2020 WL 491460, at \*5.

For these reasons, Velazquez's claims against the Army, set forth in Counts I and III, must be dismissed for failure to state a claim.

## IV.    Conclusion

For all the above reasons, the Court will grant Defendants' Motion to Dismiss.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 19, 2026

12